Johnston, Appellant, *v.* Sharon Coal & Limestone Company.

Argued April 11, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Richard F. Dana,* and with him *Thomas C. Cochran,* for appellant.

*Q. A. Gordon,* for appellee.

OPINION BY GAWTHROP, J., July 12, 1928:

On April 21, 1906, plaintiff made a contract in writing with the defendant company by which she granted, leased and conveyed to it all the coal and limestone in a certain tract of land containing ten acres, together with all the rights and privileges upon said land incident, necessary and convenient for the mining, securing and removing said minerals from said land. Defendant agreed to test said land by drilling or otherwise; and in case there should be discovered a mineable vein or basin of minerals of sufficient quantity or quality to justify the mining of any of said materials, in the opinion of the lessee, it agreed to mine out said minerals and pay plaintiff three cents for each ton of coal and two cents for each ton of limestone. Defendant went into possession under the contract and mined two hundred forty-eight tons of limestone during the month of July, 1907. On August 7, 1907, it paid plaintiff the sum of $200 and continued to mine limestone each month until April, 1908, the total amount of stone mined during that period being sixty-one hundred and sixty-one tons. The quarry was "shut down" from April, 1908, until February, 1909, when, as appears by the testimony of defendant's witness, operations were resumed. This suit was brought October 14, 1908, to recover the sum of $200, being the minimum royalty alleged to be due for the year ending August 21, 1908, under the following paragraph in the lease:

"It is agreed by the parties of the second part that they will, after the expiration of four months from

date, commence mining said minerals equal to a royalty of \$200 per year or thereafter pay per annum until work is commenced, and if failing therein, after thirty days' notice in writing given to party of second part, for that amount as if mined, except in case of war, riots, strikes or internal commotions uncontrollable by law, by which the working of the mine is prevented; in such event no advance rent or royalty to be due for such time lost. It is further agreed by the parties to this agreement, that all money paid or advanced by said second party is to apply on rents of minerals mined thereafter, and such yearly payments cease whenever the party of the second part or his assigns abandons this agreement or commence mining; payments on coal and other minerals to be made semiyearly, on the first days of January and July of each year, as near as practicable at or near said mines.''

The case was tried before the court without a jury under the provisions of the Act of April 22, 1874, P. L. 109, and the trial judge (WILLIAMS, P. J.) filed an opinion July 7, 1909, and made an·order directing judgment to be entered in favor of defendant unless exceptions were filed within thirty days. After the filing of exceptions by plaintiff on September 13, 1909, the case was not proceeded with until March 16, 1927, when Judge McLAUGHRY dismissed plaintiff's exceptions and ordered judgment to be entered for defendant, which was done accordingly March 17, 1927. Plaintiff brings this appeal.

As we view the case, the sole question presented for determination is whether under the terms of the paragraph of the contract above quoted defendant was bound to pay plaintiff a minimum royalty of \$200 per year after it commenced mining, although it did not mine sufficient minerals to produce an annual royalty of that amount. Defendant contends that by the terms of the contract the annual installments of \$200 of advanced royalty ceased when mining commenced in

July, 1907, before the beginning of the year sued for. The court below took that view, holding that the yearly payments of advanced royalties were to cease at such time as defendant should abandon the agreement or commence mining minerals from the premises. We are unable to adopt that construction of the contract. By the first provision in the paragraph of the contract quoted defendant agreed that it would, after the expiration of four months from the date thereof, commence mining sufficient minerals to produce a royalty of $200 per year, or thereafter pay per annum until work is commenced, for that amount as if mined. This is not a covenant to pay $200 a year until mining is commenced, but a covenant to mine sufficient minerals to produce to plaintiff a royalty of $200 per annum, or, failing in that, to pay plaintiff that amount as if there had been mined sufficient minerals to produce a royalty of $200 per annum. We think the able counsel for apellant has convincingly stated the answer to the position taken by the court below that payments of advanced royalties were to cease at such time as defendant should commence mining minerals from the premises, in the following words: "There can be only one construction put upon this clause, that is, that it means that they (defendant) will, after four months, commence mining equal to a royalty of $200 per year or pay for that amount as if mined until they commence mining *as they agreed that they would, that is, equal to a royalty of $200 per year.*" The work that was to be commenced was to mine "equal to a royalty of $200 per year." It was not the mere commencement of mining which would stop the annual payments which were to be made in lieu of royalties due on minerals mined, but the commencement and continuance of such mining operations as would produce to plaintiff a royalty of $200 per annum. Any other construction of the contract would result in nullifying the clause thereof which describes defendant's pri-

mary undertaking. It will be noted that the advanced royalties to be paid on minerals as if mined were payable yearly, while payments of royalties on minerals mined were payable semi-yearly, and that these yearly payments were to cease when defendant "abandons this agreement or commence mining." Here again the words "commence mining" manifestly refer to commencement of a mining which will produce the minimum yearly royalties stipulated. Our conclusion therefore is that the contract bound defendant to pay a minimum royalty of $200 per annum until it abandons the same. The evidence is that it had not abandoned the contract at the time of the trial, and has paid plaintiff nothing for the year covered by this suit. It follows that plaintiff is entitled to her claim in full.

The judgment is reversed and here entered for plaintiff and against defendant in the sum of $200, with interest from August 21, 1908.